FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP - 1 2009 ★

BROOKLYN OFFICE

09 3775

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BEATRIZ CARABELLO, mother and natural guardian of
MAXINE HERNANDEZ, an infant, and BEATRIZ
CARABELLO, Individually,

                  Plaintiffs,

-against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION,
THE CITY OF NEW YORK and KEITH T. MATONE,

                  Defendants.
------------------------------------------------------------X

**COMPLAINT**

Plaintiffs Demand Trial by Jury

MAUSKOPF, J.

AZRACK, M.J.

Plaintiffs, BEATRIZ CARABELLO, mother and natural guardian of MAXINE HERNANDEZ, an infant, and BEATRIZ CARABELLO, Individually, by their attorneys, **ROBINSON & YABLON, P.C.**, complaining of the defendants, set forth the following:

### AS AND FOR A FIRST CAUSE OF ACTION

1. This is an action by a female student against a public school system which is the recipient of federal funds, for knowingly failing and refusing to protect the infant plaintiff, Maxine Hernandez from sexual harassment and assault by a male student Brandon Pintor, who sexually assaulted infant plaintiff upon the premises of New Utrecht High School in Brooklyn, New York.

2. Jurisdiction of this Court is invoked under the provisions of Section 1331, 1343 (a) (3) and 1367 (a) of Title 28 of the United States Code and this Court's supplemental jurisdiction over the plaintiffs' cause of action under New York State law.

3. The Plaintiffs have complied with all the conditions precedent to the commencement of the within action against the defendants, The New York City Department of Education and The City of New York.

4. Plaintiff's Notice of Claim having been timely served upon the defendants on May 19, 2009, and, that more than thirty (30) days have since elapsed and this claim remains unpaid and unadjusted.

5. That defendants, The New York City Department of Education and The City of New York conducted a 50h hearing of both plaintiffs on August 27, 2009, and, this action is being commenced herewith, within one (1) year and ninety (90) days from the date that the within cause of action having been caused to accrue.

6. Infant plaintiff, Maxine Hernandez was at all times relevant to this action, a student at New Utrecht High School in Brooklyn, New York. She was born on November 23, 1993 and is presently fifteen years old.

7. The Defendant, The New York City Department of Education operates the public school system for the City of New York. New Utrecht High School is part of that school system. Defendant, The New York City Department of Education received federal funds for the operation of its public school system.

8. On April 30, 2009, the infant plaintiff, Maxine Hernandez was a ninth grade student at New Utrecht High School, and Defendant Keith T. Matone was the school's Assistant Principal for Administration and Safety.

9. On April 30, 2009, Brandon Pintor, did sexually attack, assault, abuse and harass the infant plaintiff, Maxine Hernandez in the stairwell of New Utrecht High School.

10. Prior to April 30, 2009, Brandon Pintor did sexually attack, assault, abuse and harass at least two other female students upon the premises of New Utrecht High School, and both victims did promptly report said assaults to Defendant, Keith T. Matone.

11. Despite the facts described above, and Brandon Pintor's prior attacks, assaultive, abusive and harassing acts upon students at the school, the defendants took no disciplinary acts whatsoever as against Brandon Pintor and took no steps to protect its students, including the infant plaintiff, Maxine Hernandez from thereafter being attacked by him.

12. As a result of the foregoing, infant plaintiff, Maxine Hernandez was attacked, attacked, assaulted, abused, harassed by Brandon Pintor and did suffer severe personal and emotional injuries.

13. In the manner described above, defendants have, on the basis of infant plaintiff Maxine Hernandez' sex, excluded her participation in, denied her the benefits of, and/or subjected her to discrimination under an education program or activity receiving Federal financial assistance all in violation of Title IX of the Educational Amendments of 1972, Sections 1681-1688 of Title 20 of the United Stated Code.

14. As a direct and proximate result of the acts and omissions of the defendants described above, infant plaintiff, Maxine Hernandez suffered personal injuries and severe emotional distress and plaintiff has been compelled to undergo treatment for her well-being, security and protection.

15. That on April 30, 2009 infant-plaintiff, Maxine Hernandez was physically and emotionally injured due to the negligence, carelessness, recklessness and deliberate indifference of the defendants, The New York City Department of Education, The City of New York and Keith T. Malone in their respective failures to properly protect the infant plaintiff and said defendants were further negligent in their failure to supervise and control the aforementioned school.

7. The Defendant, The New York City Department of Education operates the public school system for the City of New York. New Utrecht High School is part of that school system. Defendant, The New York City Department of Education received federal funds for the operation of its public school system.

8. On April 30, 2009, the infant plaintiff, Maxine Hernandez was a ninth grade student at New Utrecht High School, and Defendant Keith T. Matone was the school's Assistant Principal for Administration and Safety.

9. On April 30, 2009, Brandon Pintor, did sexually attack, assault, abuse and harass the infant plaintiff, Maxine Hernandez in the stairwell of New Utrecht High School.

10. Prior to April 30, 2009, Brandon Pintor did sexually attack, assault, abuse and harass at least two other female students upon the premises of New Utrecht High School, and both victims did promptly report said assaults to Defendant, Keith T. Matone before infant plaintiff, Maxine Hernandez was injured by Brandon Pintor.

11. Despite the facts described above, and Brandon Pintor's prior attacks, assaultive, abusive and harassing acts upon students at the school, the defendants took no disciplinary acts whatsoever as against Brandon Pintor and took no steps to protect its students, including the infant plaintiff, Maxine Hernandez from thereafter being attacked by him.

12. As a result of the foregoing, infant plaintiff, Maxine Hernandez was attacked, attacked, assaulted, abused, harassed by Brandon Pintor and did suffer severe personal and emotional injuries.

13. In the manner described above, defendants have, on the basis of infant plaintiff Maxine Hernandez' sex, excluded her participation in, denied her the benefits of, and/or subjected her to discrimination under an education program or activity receiving Federal financial assistance all in violation of Title IX of the Educational Amendments of 1972, Sections 1681-1688 of Title 20 of the United Stated Code.

14. As a direct and proximate result of the acts and omissions of the defendants described above, infant plaintiff, Maxine Hernandez suffered personal injuries and severe emotional distress and plaintiff has been compelled to undergo treatment for her well-being, security and protection.

15. That on April 30, 2009 infant-plaintiff, Maxine Hernandez was physically and emotionally injured due to the negligence, carelessness, recklessness and deliberate indifference of the defendants, The New York City Department of Education, The City of New York and Keith T. Matone in their respective failures to properly protect the infant plaintiff and said defendants were further negligent in their failure to supervise and control the aforementioned school.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiff, Beatriz Carabello, individually repeats, re-iterates, and re-alleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17. That the plaintiff, Beatriz Carabello, individually is the mother and natural guardian of the infant-plaintiff, Maxine Hernandez.

18. That by reason of the foregoing occurrence, the plaintiff, Beatriz Carabello, individually was caused to sustain the loss of services, incurred substantial expenses and was forced to provide services due to the injuries sustained by her daughter, the infant-plaintiff, Maxine Hernandez.

WHEREFORE, Plaintiffs demand judgment as against defendants for compensatory damages, attorneys' fees and costs.

Dated: New York, New York
September 1, 2009

**ROBINSON & YABLON, P.C.**
Attorneys for Plaintiffs
232 Madison Avenue, Suite 1200
New York, New York 10016
(212) 725-8566

_____
Andrew M. Laskin, Esq. (AL9379)

_____
Joel H. Robinson, Esq. (JR6546)